UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES**                                         CR #04-10299

**v.**

**EDGAR HOFFENS**

### DEFENDANT EDGAR HOFFENS' SENTENCING MEMORANDUM

Edgar Hoffens submits that a sentence of 18 months would be "sufficient but not greater than necessary" under 18 U.S.C., § 3553(a). Ironically, the shorter the Defendant's sentence, the sooner he probably will be deported to Guatemala. He worked at menial jobs for many years struggling to provide for his wife and children. He probably will lose his relationship with them; and they probably will lose their relationship with him.

Mr. Hoffens' Criminal History Category is a major area of contention. The revised PSR acknowledges that – especially now that the Sentencing Guidelines are advisory – criminal history scoring is not automatic; that this Court may consider the nature of the offense giving rise to additional points under § 4A1.1(d) as a "mitigating factor." (p. 41 second ¶ ). The Court also may consider departing under § 4A1.3 if the criminal history substantially over-represents seriousness/likelihood of recidivism.[1] (p. 42 second ¶ ).

Both such considerations apply here. Mr. Hoffens is neither an incorrigible scofflaw nor a violent offender. The offenses at issue were motor vehicle offenses,

---

[1] It should be noted that the possibility of a departure under § 4A1.3 is fully consistent with the parties' plea agreement. The plea agreement did not contain any provision or agreement regarding criminal history. Moreover, as pointed out in the revised PSR, the defendant ultimately is seeking a non-guideline sentence (p. 45 second ¶ ) which may factor in traditional departure grounds such as § 4A1.3, as well as other considerations relevant to 18 U.S.C., § 3553 including but not limited to previously prohibited departure grounds.

including derivative offenses (i.e., operating legally but for a prior suspension). The defendant needed to drive in order to work to try to provide for his wife and children. He did not ignore the sentences imposed. It appears that he is being punished more severely largely because he did not have enough money. While he continued to drive out of practical necessity, he tried as best he could to pay as directed. He simply may not have had the money to pay in full and on time, or he may have mistakenly chosen to apply his limited resources elsewhere. He stopped paying in Cambridge when he completed (in two separate payments) $110 in monies due (PSR p. 18 ¶ 40, last paragraph and PSR p. 39 sub-paragraph e), at which time he was told that the sentence had been satisfied. He has since paid outstanding fees in Chelsea District Court and his case there has been terminated. (PSR p 20 ¶ 44 and p. 46 1st paragraph, reflecting that on 10/03/06 fees were paid, default was removed and the case terminated).

Mr. Hoffens acknowledges that he had serious alcohol/substance abuse problems which led to multiple OUI's and to the matters charged in this indictment. As described in the PSR (p. 28 ¶ 79), however, the defendant has successfully completed extensive substance abuse treatment over a 7- month period as a condition of pretrial release where "Edgar became a group leader" and as also noted in the RTT Counseling Services Discharge Summary dated 03/14/05, "the voice of experience for the other men". While the defendant recognizes that these alcohol/substance abuse problems are not "curable," and that they will require continuing treatment, he nonetheless submits that, having so successfully completed that program, the risk of criminal recidivism and the risk of alcohol/substance abuse relapse have been reduced significantly.

The revised PSR faults Mr. Hoffens by suggesting that he has not provided sufficient facts justifying a mitigating role adjustment under § 3B1.2  (p.38 next to last ¶). Mr. Hoffens has difficulty providing more than he has provided precisely because his knowledge and involvement in the events of the offense were limited and circumscribed. He was primarily a consumer.  None of the other defendants/participants included him in their activities or confided in him.  He may have been generally aware that his supplier also supplied others, but he had no real idea of how extensive the operation was. He <u>does</u> know that he was at or near the bottom of the pyramid. He does not know how high or wide the pyramid went. Coupled with his meager economic circumstances which belie

extensive involvement in drug sales, these facts justify a role adjustment of 2 levels as a minor participant.

Noting that Mr. Hoffens' understanding as to the closure of his prior sentence "may well be correct," the revised PSR seeks to impose on Mr. Hoffens an obligation to reconcile the supposed record with his understanding ( p. 41 next to last ¶). Especially since the revised PSR agrees with the defendant's position, citing <u>United States v. DiPina</u> 178 F.3d 68, 75 (1st Cir. 1999), that the Government has the burden of justifying criminal history points (p. 42 ¶ 3), the defendant should have no such obligation and should not be penalized where the events appear equivocal.

                                                            Respectfully submitted,
Edgar Hoffens (A/K/A/ Carlos Colon-Rivera)
By his attorney,

        /s/   John Wall
John Wall
BBO # 513300
One Commercial Wharf West
Boston, MA 02110
October 6, 2006               (Tel): 617 742-9096
(Fax): 617 742-8604

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I caused to be delivered by e-filing a copy of this motion to all counsel of record; and by e-mail to Susan_Walls@map.uscourts.gov and by US Mail to Susan Walls, Probation Officer, Rm. 1200, J.J. Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210,

        /s/ John Wall
John Wall